The Honorable Jack A. Gibson Senator, District 35 State Capitol Little Rock, Arkansas 72201
Dear Senator Gibson:
This is in response to your opinion request concerning a school district that has previously annexed its top four grades to an adjoining school district under Act 61 of 1983, Special Session. The question you pose with respect to the remaining grades one through eight of this hypothetical school district is whether, if the decision is made to annex those grades with another school district, the annexing district must be the district which has previously acquired grades nine through twelve.
It is the opinion of this Office that the answer to your question is yes.
Act 61 of the 1983 Special Session provides in pertinent part as follows:
 (b) Between June 1, 1984, and June 1, 1987, any school district in this State shall have the option to petition the county board of education of the county in which such district is administered to combine the district's top four (4) grades or top six (6) grades with an adjoining district which operates a high school program which meets minimum accreditation standards or which will likely meet such standards by June 1, 1987. Upon receipt of such petition, the county board of education shall order the combination of the high school program of such district with an adjoining district for purposes of operation of the top four (4) or top six (6) grades. Any school district directed by order of the county board of education to participate in such a combination is hereby mandated to accept the students transferred to such district.
Any district exercising the option provided herein shall continue to exist as a separate school district to operate a school with grades kindergarten through six and may operate grades seven and eight if the district's educational program at grades seven and eight meets minimum accreditation standards. Such district shall have all rights, duties, and powers granted to school districts under the laws of this State, except such district may not establish or operate a high school. The county board of education when ordering such a combination shall order the affected districts to enter into a contract for the transfer of specified revenues from the petitioning district to the receiving district on an annual basis. The amount of revenues to be transferred from the petitioning district to the receiving district shall be determined in accordance with guidelines which the State Board of Education is hereby directed to formulate to assure equitable reallocation of revenues for the operation of such combined educational programs.
Research has uncovered no specific statutory reference to the hypothetical consolidation you have described.
Approaching your question from a fiscal standpoint, it should first be pointed out that patrons in the area from which children would go to separate districts for first through eighth and ninth through twelfth grades would be subject to double taxation. The millage rate of each district to which the patrons belong would apply to the overlapping area. This in and of itself would seem to be a sufficient policy reason to advise against the arrangement you have posed. This is not the case currently with respect to the ninth through twelfth grades as these students attend an adjoining school district on a tuition basis only.
Next, Ark. Stat. Ann. 80-1102 (Repl. 1980) places limitations on a district's bonded indebtedness which would limit the amount of taxation the overlapping area could support. This is another factor which would prohibit the overlapping area from supporting the millage rates in two separate districts.
Lastly, there is the potential application of Amendment No. 40, Article 14, 3, Amended, of the Arkansas Constitution which provides in pertinent part, "Provided, that no such tax shall be appropriated for any other purpose nor to any other district than that for which it is levied." The potential for violating this section of the Arkansas Constitution by one geographical area belonging to two school districts is readily apparent.
Hence, for the foregoing reasons this Office must advise against a geographic area belonging to two separate school districts other than as is now provided for in Act 61 of the 1983 Special Session.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.